**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3846-16T1

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

CLARENCE E. SCOTT,

    Defendant-Appellant.

_____

Submitted May 8, 2018 — Decided June 18, 2018

Before Judges Hoffman, Gilson, and Mitterhoff.

On appeal from Superior Court of New Jersey,
Law Division, Passaic County, Indictment No.
98-05-0493.

Clarence E. Scott, appellant pro se.

Camelia M. Valdes, Passaic County Prosecutor,
attorney for respondent (Christopher W. Hsieh,
Chief Assistant Prosecutor, of counsel and on
the brief).

PER CURIAM

    Defendant Clarence E. Scott appeals from an April 5, 2017 order, denying his second petition for post-conviction relief (PCR).  We affirm.

On January 24, 2002, a jury convicted defendant of murder, N.J.S.A. 2C:11-3(a)(1) or (2); first-degree robbery, N.J.S.A. 2C:15-1; third-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(b); first-degree attempted murder, N.J.S.A. 2C:11-3; second-degree aggravated assault, N.J.S.A. 2C:12-1(b)(1); fourth-degree aggravated assault, N.J.S.A. 2C:12-1(b)(5); second-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(a); fourth-degree resisting arrest, N.J.S.A. 2C:29-2(a); and fourth-degree possession of a prohibited weapon, N.J.S.A. 2C:39-3(f). After the verdict was announced, the jury deliberated again and convicted defendant of second-degree possession of a weapon by a convicted felon, N.J.S.A. 2C:39-7. On or around June 7, 2002, the court imposed a life term with thirty-five years of parole ineligibility for the murder, to run consecutive to a sentence defendant was serving on an earlier conviction. We affirmed defendant's conviction on his direct appeal. State v Scott, No. A-1732-03 (App. Div. Feb. 2, 2006). Our Supreme Court granted defendant's petition for certification limited to the issue of his sentence on the robbery and attempted murder charges and the matter was remanded to the trial court for resentencing. State v. Scott, 187 N.J. 488 (2006).

Defendant filed a first petition for post-conviction relief, which was denied on or around September 12, 2008. We affirmed the

denial of defendant's first PCR application. State v. Scott, No. A-2047-08 (App. Div. Aug. 3, 2010). The Supreme Court denied defendant's petition for certification on February 10, 2011. State v. Scott, 205 N.J. 101 (2011).

On or around September 10, 2015, defendant filed his second petition for post-conviction relief. The trial court found that defendant's second PCR application was time barred by Rule 3:22-12(a)(2) and procedurally barred by Rule 3:22-4(b).

On appeal defendant asserts the following arguments:

> POINT ONE: THIS COURT MUST CLARIFY COURT RULE 3:22-12(A)(2)(C) DUE TO THE VAGUE AND UNCLEAR LANGUAGE AS TO WHEN THE ONE YEAR LIMITATION TO FILE A SECOND OR SUBSEQUENT PETITION FOR POST CONVICTION RELIEF BEGINS AND IF IT IS TOLLED DURING APPEAL

> POINT TWO: THE PCR COURT IMPROPERLY DENIED DEFENDANT'S PETITION FOR A SECOND POS[T] CONVICTION RELIEF, WITHOUT THE DEFENDANT'S MERITS BRIEF BEING SUBMITTED WHERE THE DEFENDANT ASSERTS SUPPORTED OF EXCUSABLE NEGLECT AND FUNDAMENTAL INJUSTICE TO RELAX THE PROCEDURAL BARS OF R. 3:22-4(b) AND R. 3:22-12(a)(2) AND ASSERTS LEGAL ARGUMENTS IN SUPPORT OF DEFENDANT'S REMAINING CLAIMS, THUS THE APPLICATION FOR A SECOND PCR MUST BE GRANTED

> POINT THREE: PCR COURT ERRED IN NOT ASSIGNING COUNSEL TO DEFENDANT

> POINT FOUR: THIS MATTER SHOULD BE REMANDED SO THE DEFENDANT CAN PROPERLY BRIEF AND PRESENT HIS CLAIMS TO THE PCR COURT

We affirm substantially for the reasons set forth in Judge Sokalski's thorough written decision, adding the following comments.

Rule 3:22-12(a)(2) requires that a second petition for post-conviction relief must be filed not more than one year after the latest of:

> (A) the date on which the constitutional right asserted was initially recognized by the United States Supreme Court or the Supreme Court of New Jersey, if that right has been newly recognized by either of those Courts and made retroactive by either of those Courts to cases on collateral review; or
>
> (B) the date on which the factual predicate for the relief sought was discovered, if that factual predicate could not have been discovered earlier through the exercise of reasonable diligence; or
>
> (C) the date of the denial of the first or subsequent application for post-conviction relief where ineffective assistance of counsel that represented the defendant on the first or subsequent application for post-conviction relief is being alleged.
>
> [R. 3:22-12(a)(2).]

Judge Sokalski correctly found that defendant did not assert any claim within one year that would fall under subsection (a) or (b). With respect to subsection (c), the judge noted that defendant's first application for PCR was denied on September 12, 2008 and we affirmed that denial on August 3, 2010. Because this

application was filed on September 10, 2015, the trial judge correctly found that it is time-barred pursuant to Rule 3:22-12(a)(2). We disagree with defendant's claim that the time bar should be relaxed due to excusable neglect because, according to defendant, the language of the rule is vague or ambiguous. To the contrary, the rule is clear that there is a one-year time limit to file a subsequent petition for PCR where ineffective assistance counsel on the prior PCR application is being alleged, the very circumstance presented in this case.

In addition, the judge correctly ruled that defendant's claims are procedurally barred by Rule 3:22-4(b). The rule requires the dismissal of a second PCR application unless it alleges either:

> (A) that the petition relies on a new rule of constitutional law, made retroactive to defendant's petition . . . that was unavailable during the pendency of any prior proceeding; or
>
> (B) that the factual predicate for the relief sought could not have been discovered earlier through the exercise of reasonable diligence, and the facts underlying the ground for relief, if proven and viewed in light of the evidence as a whole, would raise a reasonable probability that the relief sought would be granted; or
>
> (C) that the petition alleges a prima facie case of ineffective assistance of counsel that represented the defendant on the first or

second subsequent application for post-conviction relief.

[R. 3:22-4(b)(2).]

As the trial judge correctly found, the issues raised by defendant were either raised in fact or should have been raised in his first PCR application, as they alleged ineffective assistance of counsel by his original trial counsel. The trial judge correctly held that Rule 3:22-4(b) bars these claims. Finally, the judge correctly found that defendant's bald assertions that his first PCR and appellate counsel failed to raise "obvious" issues without specifying what issues should have been raised was insufficient to raise a prima facie case of ineffective assistance of counsel.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3846-16T1